**Leopoldo SANDOVAL, Plaintiff,**

**and**

**Panama Canal Company, a federally chartered corporation, Plaintiff-in-Intervention,**

**v.**

**MITSUI SEMPAKU K. K. TOKYO, Defendant.**

**Civ. No. 2629.**

District Court, Canal Zone, Division Cristobal.

Sept. 25, 1970.

**238**

Engelbert J. Berger, Cristobal, Canal Zone, and Jacob Rassner, New York City, for plaintiff.

Dwight A. McKabney and Robert J. Park, Balboa Heights, Canal Zone, for plaintiff-in-intervention.

DeCastro & Robles, Balboa, Canal Zone, for defendant.

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM AND INTERVENOR'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S AMENDED COUNTERCLAIM.

CROWE, District Judge.

The facts in this case have been fully set out in the Findings of Fact and Conclusions of Law prepared as of August 28, 1968 and reported in 288 F.Supp. 377. The ruling on that date related to the question of liability, and further findings relative to damages were set out in a decision of this court entitled "Court's Ruling on Pending Motions and Findings of Fact and Conclusions of Law on the Question of Damages", entered of record on May 22, 1970.

Two remaining motions which were not decided in the decision of May 22, 1970 are the motion for summary judgment on its counterclaim, made by the defendant, and the motion for summary judgment by the intervening Panama Canal Company on defendant's amended counterclaim.

The motion for summary judgment by the defendant on its counterclaim is dismissed, and the motion for summary judgment made by the intervenor on defendant's amended counterclaim is sustained.

The defendant, MITSUI SEMPAKU K. K. TOKYO, argues that there is a contract of indemnity extending from the Panama Canal Company to the defendant and that it is entitled to reimbursement for any amount of damages recovered from the defendant by plaintiff, Leopoldo Sandoval under this theory.

This court has already decided in Williams v. Hain Steamship Co., D.C. Z., June 25, 1968 (Bal.Div., Civil No. 2627) and Graham v. Panama Canal Company, 1957 AMC 424 (D.C.Z.1957, Bal.Div., Civil No. 4096) that no recovery may be had under the theory of implied contract and indemnification against the Panama Canal Company without compliance with the provisions of 2 C.Z.C. § 297.

As was fully set out in the decision of this court on May 22, 1970, the plaintiff, Leopoldo Sandoval, was a member of the crew for the purposes of the statutes permitting actions for damages to lie against the Panama Canal Company in accordance with 2 C.Z.C. §§ 292 through 297. If a ship owner were to be permitted to sue the Panama Canal Company without an investigation of the accident which gave rise to the suit in this case, the effect would be to nullify 2 C.Z.C. § 297 and deprive the Panama Canal Company of its statutory protection wherein Congress gave it the right not to be sued without investigation.

The intervenor, Panama Canal Company, argues further that the transit by a vessel does not give rise to any implied contractual relationship between the vessel owner and the Panama Canal Company. There seems no need to go into this question at this time for defendant MITSUI SEMPAKU K. K. TOKYO'S noncompliance with the Canal Zone statutes is dispositive of the claim. Whether or not there was an implied contractual relationship is unimportant as the situation would not be changed in either event because of defendant's noncompliance with 2 C.Z.C. § 297.

This ruling is harsh as the defective cable was the intervenor's and recovery is had against private companies in such cases. See Norris "Maritime Per-

sonal Injuries", 2d Edition, § 55, pp. 129–131. The statutory protection is real and present and cannot be ignored by the courts. Further, to permit plaintiff to recover from the ship and the ship to recoup from the Panama Canal Company would allow circumvention of the Federal Employees Compensation Act (5 U.S.C. §§ 8101–8150) and plaintiff would be doing by indirection what he could not do directly.

There is still open the question of the amount due under the lien claimed by the Panama Canal Company against any amount recovered by the plaintiff and this case will be continued on the docket until that matter is decided.